**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**HERMAN CARR,**

                    **Plaintiff,**

      **v.**                                    **CASE NO. 09-3079-SAC**

**FEDERAL BUREAU OF PRISONS, et al.,**

                    **Defendants.**

**O R D E R**

Plaintiff proceeds pro se and in forma pauperis on a *Bivens* complaint seeking damages and injunctive relief on allegations related to the alleged deliberate indifference to a serious medical need of plaintiff during his confinement in the Federal Prison Honor Camp in Leavenworth, Kansas.[1] The defendants named in the complaint are the Federal Bureau of Prisons (BOP), BOP National Administrator Harrell Watts, BOP Regional Director Michael Nally, Warden C. Chester, Unit Manager C. Ashman, Correctional Officer Paul Leonhart, Physician Assistant Don Satterfield, and Dr. William McCullin.

Plaintiff states that he has diabetes, and that prior to his

---

[1] Plaintiff cites his submission of an administrative claim for damages under the Federal Tort Claims Act (FTCA) on October 27, 2008, but fails to indicate in any other way that he is attempting to seek relief under that Act in this action. Plaintiff does not name the United States of America as a defendant, and no defendant named in the complaint would be a proper party to an FTCA action. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir.2001)("The United States is the only proper defendant in an FTCA action.").

incarceration in February 2008 he was under medical care for a large cyst and subsequent infection on the bottom of his left foot for which he claims surgery had been recommended. Plaintiff states an x-ray of his foot some eight weeks later in April 2008 revealed fractures, and that his foot was caving in. Plaintiff maintains these injuries resulted from jumping down from the top bunk to which he had been initially assigned by defendant Leonhart.

Approximately two months later on June 19, 2008, a contract orthopedic specialist evaluated plaintiff's foot and determined surgery was not warranted. Instead, annual x-rays and re-evaluations were recommended. Plaintiff documents his administrative grievance and appeals thereafter, seeking immediate professional consultation and immediate surgery. Plaintiff contends that given his diabetes, the denial of surgery puts him at serious risk of further infections that could result in amputation.

Plaintiff filed the instant action, alleging deliberate indifference to his serious medical needs. He seeks damages and a transfer to a medical facility for corrective surgery.

Having reviewed the complaint, the court finds it is subject to being summarily dismissed as stating no claim upon which relief can be granted against any of the named defendants.

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, the Supreme Court recognized a private right of action in favor of victims of constitutional violations committed by federal agents in the performance of their official duties. 403 U.S. at 396-97; *Van Dinh v. Reno*, 197 F.3d 427, 432 (10th Cir.1999). An action brought pursuant to *Bivens* only "lies against [a] federal official

in his individual capacity." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir.2005). Accordingly, the Bureau of Prisons is subject to dismissal from this *Bivens* action, as in any claim asserted against individual defendants in their official capacity.

Prison officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)(internal quotation marks omitted). However, a claim based on "an inadvertent failure to provide adequate medical care" or alleging "that a physician has been negligent in diagnosing or treating a medical condition" does not state a valid claim of medical mistreatment under the Eighth Amendment. *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir.2006)(citations omitted). "Rather, 'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir.2006)(quoting *Estelle*, 429 U.S. at 106).

To demonstrate an Eighth Amendment violation, an inmate must satisfy both objective and subjective elements. The objective component is met if the deprivation is "sufficiently serious" in that it "has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir.2001)(quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999). The subjective component of the deliberate indifference test is met by showing the defendant had a "sufficiently culpable state of mind," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994),

in that the defendant "knows of and disregards an excessive risk to inmate health or safety," *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir.2000).

*Defendant Leonhart*

Plaintiff contends Leonhart was continuously hostile and refused to assign plaintiff to a lower bunk in a lower level cell house notwithstanding plaintiff's difficulty in walking and plaintiff's fear of injury.

Leonhart's alleged animosity towards plaintiff, however, is not itself an actionable constitutional claim.  And Leonhart's initial bunk assignment for plaintiff in a top bunk on the second floor was well before the June 2008 medical recommendation for a lower bunk was issued.  Plaintiff cites only a 2006 x-ray report in support of his claim that the injuries discovered in the April 2008 x-rays of his foot did not exist prior to his incarceration.  This bare claim, as well as plaintiff's broad contention that his injuries resulted from having to jump down from the top bunk Leonhart initially assigned, are conclusory at best.

The court thus finds an insufficient factual basis to plausibly establish that Leonhart ignored a serious medical condition with the intent to subject plaintiff to a substantial or excessive risk of serious harm when Leonhart initially assigned plaintiff's housing.

Although plaintiff also appears to claim that Leonhart acted with deliberate disregard to plaintiff's medical needs by not assigning plaintiff to a lower housing unit until after plaintiff's fall on the stairs, no actionable claim is found on the face of the record.  I is clear that plaintiff was assigned to a lower bunk and was under

medical observation and treatment for his complaints of foot and leg pain, and it is plain on the face of plaintiff's documentation that plaintiff's pursuit of administrative remedies centered on his request for professional consultation and immediate surgery, but failed to include any request for review of his housing assignment or any complaint about Leonhart.[2]

*Remaining Individual Defendants*

Plaintiff identifies no specific misconduct by any other individual defendant but for claiming defendants Chester, Nally, and Watts failed to properly supervise Leonhart, and claiming deliberate indifference by defendants Ashman, McCullin, and Satterfield to plaintiff's medical needs.

The court first finds no actionable misconduct by defendant Ashman is alleged. Plaintiff states only that upon his February 2008 entry into federal custody he told Ashman that plaintiff's personal doctor had indicated that surgery on plaintiff's foot was needed. It also appears that Ashman signed the denial of plaintiff's June 2008 informal administrative form in which plaintiff sought immediate surgical repair of his foot, and the response indicated that surgery was not recommended by a consulting orthopedist and a staff physician.

---

[2] On June 24 and 25, 2008, plaintiff submitted sick call forms to Dr. Auellep, requesting an immediate professional consultation and immediate surgical intervention, citing his fear of losing his foot in the future. Plaintiff also requested specialty shoes and a first floor dorm, citing his fear of falling on steps.

On June 26, 2008, plaintiff submitted an Informal Attempt To Resolve form seeking immediate consultation and surgery, citing his fear of future irreparable damages and/or infections that could result in the loss of his foot and/or leg. In his administrative appeal to the Warden on July 17, 2008, and to the Regional Office on August 12, 2008, plaintiff also states he is in constant pain and has a serious problem walking and navigating stairs. In his appeal to the National Office on October 28, 2008, plaintiff cites his fall in September 2008 on a flight of stairs, and states he is at risk for further injury. He also does not contest information in the regional response that stated that plaintiff had a lower bunk assignment and a soft shoe permit.

This is insufficient to state a viable Eighth Amendment claim against this defendant.

Nor is plaintiff's disagreement with the medical assessment and treatment provided by defendants Satterfield and McCullin sufficient to state a colorable Eighth Amendment claim. See *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1142 (10th Cir.2005)(mere difference of opinion about treatment, even among professionals, does not give rise to claim under the Eighth Amendment); *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir.1999)("a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation").  And plaintiff's speculative fear of possible harm such as the loss of his foot due to the difficulties in treating future infections is insufficient to establish any serious medical need that was in fact being disregarded by medical staff.

Moreover, a defendant's personal participation in the alleged violation of a prisoner's constitutional rights is essential to stating a cognizable *Bivens* claim.  *Bennett v. Passic* 545 F.2d 1260, 1262-63 (10th Cir. 1976).  Plaintiff makes no such allegation of personal participation by defendants Chester, Nally, and Watts other than identifying these defendants as responsible for operation of the facility and supervision of Leonhart, or as denying plaintiff's administrative appeals.  It is well established that "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir.2008).  Plaintiff may not rely

on the doctrine of respondeat superior to establish liability by a supervisor who is not alleged to have personally participated in the alleged violation of plaintiff's constitutional rights. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir.1983). Also, the Tenth Circuit has repeatedly held in unpublished opinions that the denial of administrative grievances or appeals alone is insufficient to establish personal participation. *See e.g. Larson v. Meek*, 240 Fed.Appx. 777, 780 (10th Cir.2007)(cited for its persuasive value only under 10th Cir. Rule 32.1.).

### Notice and Show Cause Order to Plaintiff

Accordingly, because plaintiff's allegations fail to support a plausible finding that any defendant acted with deliberate indifference to a serious medical need of plaintiff, the court directs plaintiff to show cause why the complaint should not be dismissed because no cognizable claim for relief is presented. 28 U.S.C. § 1915(e)(2)(B)(ii). The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED: This 21st day of August 2012 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge